HURLEY, Judge.
The state appeals from an order suppressing the results of blood and urine tests taken at the time of defendant’s arrest. We reverse.
Daniel Patrick Rafferty was charged with two counts of manslaughter — DWI, contrary to Section 860.01(2), Florida Statutes (1979). At the time of his arrest, Raf-ferty consented to taking two breathalyzer tests which resulted in zero readings. He then agreed to submit to blood and urine tests which indicated an extremely high volume of methaqualone. Rafferty subsequently moved to suppress the test results claiming that his consent to the testing was invalid since it had been given at a time when he was not in full control of his faculties and was thus unable to execute an intelligent and voluntary waiver.
At the suppression hearing, the defense called a toxicologist who testified that the amount of methaqualone found in Rafferty’s blood would normally produce a high level of intoxication which would make voluntary consent difficult. The state made no attempt to rebut Rafferty’s contention and, in fact, the arresting officer testified that Rafferty had demonstrated no comprehension of the gravity of the accident. As a result, the court determined that Rafferty’s consent to the testing had not been freely, voluntarily, and knowingly given, and, therefore, it granted the motion to suppress.
We believe that in light of the severity of the accident, the zero readings yielded by the breathalyzer tests, and Rafferty’s apparent lack of comprehension, the arresting officer had probable cause to believe that Rafferty had been driving under the influence of a drug. Given these circumstances, the testing for drugs is constitutional even without consent or a warrant. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
Accordingly, the order under review is reversed and the cause is remanded.
REVERSED AND REMANDED.
*1005 MOORE, J., concurs.
DOWNEY, J., concurs specially with opinion.