PER CURIAM.
By appeal from judgments of conviction for operating a motorboat under the influence of alcohol and attempted resisting arrest, the appellant claims error in the trial court’s refusal to suppress the results of two (2) blood alcohol tests administered without his consent and by the use of force. We affirm.
In State v. Rafferty, 405 So.2d 1004 (Fla. 4th DCA 1981) this court reversed a trial court’s suppression of alcohol tests administered without consent, on the authority of Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). By special concurrence, Judge Downey noted:
Under the facts of this case the police were entitled to have a blood sample taken, and tested for controlled substances, whether appellee consented or not (and even if he had objected to the taking).
Id. at 1005. The same observation applies to this case. In addition, we find no error in the trial court’s conclusion that the amount of force used by the police to secure a blood sample was reasonable. Cf § 316.1933, Fla.Stat. (1983). We have considered the other issues raised in light of the record and find no reversible error. Accordingly, the judgments are affirmed.
DOWNEY, ANSTEAD, and GUNTHER, JJ., concur.